# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: September 16, 2026
Reissued for Public Availability: November 13, 2026

* * * * * * * * * * * * * * *
KATHIE WELLS, *on behalf of her minor child, C.B.*, *
No. 24-1264V
Petitioner, *
Special Master Young
v. *
SECRETARY OF HEALTH AND HUMAN SERVICES, *
Respondent. *
* * * * * * * * * * * * * * *

*Kathie Wells*, Pittston, PA, *Pro Se*.
*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

**DISMISSAL DECISION**[1]

On August 16, 2024, Kathie Wells ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program")[2] on behalf of her minor child, C.B. Pet., ECF No. 1. Petitioner alleged as a result of C.B. receiving the MMR and Tdap vaccines on October 6, 2023, "she suffered a reaction resulting in ongoing pain and swelling in her neck, including, but not limited to parotitis and reactive cervical lymphadenopathy." *Id.* at Preamble.

On July 24, 2025, Respondent filed his Rule 4(c) report arguing against compensation. ECF No. 27. Specifically, Respondent argued that Petitioner has not met the six-month severity requirement or presented sufficient evidence to satisfy her burden under *Atlhen*. On October 27, 2025, Petitioner filed a status report indicating how the medical records filed support the six-month severity requirement. ECF No. 33. I initially ordered Petitioner to file an expert report on October 30, 2025. ECF No. 35.

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on September 16, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.
[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner filed four motions for extension of time before I issued an Order to Show Cause on April 30, 2026. ECF No. 43. In Petitioner's fourth motion for extension of time, counsel noted her intention to file a motion to withdraw. ECF No. 42. In my Order to Show Cause, I noted it is possible that the inability to obtain an expert during these several months Petitioner has had counsel might be an indicator of the viability of the claim itself. In any event, both *pro se* petitioners and petitioners represented by counsel are held to the same procedural requirements by this Court. I stated,

> Given the amount of time that Petitioner has already had to obtain an expert (with assistance of counsel), I will afford her one final period of thirty days to file an expert report or file a substitution of counsel. Petitioner's claim alleges an off-Table injury; therefore, she must submit evidence of a causation theory. *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). If Petitioner fails to articulate a biological mechanism of causation, the case cannot succeed. I cannot allow Petitioner's claim to languish for months without progress; but if Petitioner files a notice of substitution of counsel within thirty days, she will have an additional thirty days thereafter to file her expert report.

ECF No. 43 at 2. I ordered Petitioner to show cause why this case should not be dismissed by filing an expert report or substitution of counsel by no later than May 29, 2026. I warned that failure to comply with the order would be interpreted as a failure to provide preponderance evidence of causation, and the petition would be dismissed.

On May 29, 2026, Petitioner filed a "Response to Order to Show Cause" that did not comply with the terms of the Order to Show Cause. ECF No. 44. I gave Petitioner two more weeks to comply with the terms of the Order to Show Cause, and additionally, to file a statement indicating that she received the Order to Show Cause, it was explained to her by counsel, and that she understood her obligations moving forward. Thus, Petitioner was ordered to file either an expert report or substitution of counsel AND an affidavit indicating Petitioner's understanding of the Order to Show Cause and expectations of *pro se* litigants by no later than July 6, 2026. I indicated that failure to comply would be interpreted as a failure to prosecute, and the petition would be dismissed.

On June 30, 2026, Petitioner's counsel filed a motion to withdraw.[3] ECF No. 50. Petitioner also filed a supplemental declaration indicating she understands the Order to Show Cause and understands her responsibility of proceeding without counsel. ECF No. 46. However, neither a substitution of counsel nor an expert report was filed by July 6, 2026. Accordingly, this was only partial compliance with the order.

On July 8, 2026, I issued another order stating that given the circumstances of this case, an expert report is necessary for Petitioner to be successful in her claim. ECF No. 52. I again stated that it is possible that the inability to obtain an expert or new counsel might be an indicator of the viability of the claim itself. I gave Petitioner one more chance to file an expert report *pro se* or obtain counsel by no later than September 8, 2026, otherwise the case would be dismissed.

[3] The reason for withdrawal was irreconcilable differences related to cases strategy. ECF No. 50. I granted Petitioner's motion to withdraw on June 30, 2026. ECF No. 53.

Petitioner was served the order via certified mail on July 13, 2026. *See* ECF Nos. 54–55. On August 20, 2026, the document was returned as being undeliverable. ECF No. 56. On August 20, 2026, Petitioner's former counsel emailed chambers indicating that Petitioner informed her of new contact information. The Clerk was directed to update Petitioner's contact information and re-send the previous order. ECF No. 57. The order was mailed to Petitioner's updated address via certified mail on August 21, 2026.

To date, Petitioner has not made any filing or attempted to contact the Court. Petitioner has been afforded a total of 11 months to file an expert report in support of her claim, and in this process has been warned several times that the continued failure to adhere to Court orders would result in an Order to Show Cause and dismissal of her case. Though I empathize with the difficulties faced by *pro se* petitioners, especially where an expert report is required to proceed with one's claim, I cannot continue to allow this case to languish on the docket any further. Both *pro se* petitioners and petitioners represented by counsel are held to the same procedural requirements by this Court, and when a petitioner fails to comply with Court orders to prosecute his case, the Court may dismiss his claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that C.B.'s alleged injury was caused by the alleged vaccines. Petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness.

Therefore, Petitioner's case is **DISMISSED** for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.[4]

Any questions regarding this order may be directed to my law clerk, Kendall Moskowitz, at Kendall_Moskowitz@cfc.uscourts.gov.

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.